**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**

John O. Brown

     v.                            Civil No. 11-cv-056-JL

Michael Astrue, Commissioner,
Social Security Administration[1]

**O R D E R**

John O. Brown has filed a civil suit seeking review of a
Social Security Administration ("SSA") decision to deny him
benefits (doc. no. 1).  Because Brown is proceeding in forma
pauperis, the matter is before the court for preliminary review
to determine whether or not the complaint states any claim upon
which relief might be granted.  See 28 U.S.C. § 1915(e)(2);
United States District Court District of New Hampshire Local
Rule ("LR") 4.3(d)(1)(B).

**Standard of Review**

Under LR 4.3(d)(1)(B), when a plaintiff commences an action
pro se, the magistrate judge conducts a preliminary review.  The
magistrate judge may issue a report and recommendation after the
initial review, recommending that claims be dismissed if the

---

[1]The Commissioner of the Social Security Administration
("SSA") is the proper defendant to a civil suit seeking review
of a denial of social security benefits.  Accordingly, the
complaint is construed as naming SSA Commissioner Michael Astrue
as the defendant in this case.

court lacks subject matter jurisdiction, the defendant is immune from the relief sought, the complaint fails to state a claim upon which relief may be granted, the allegation of poverty is untrue, or the action is frivolous or malicious.  See id. (citing 28 U.S.C. § 1915A & Fed. R. Civ. P. 12(b)(1)).  In conducting a preliminary review, the magistrate judge construes pro se pleadings liberally, to avoid inappropriately stringent rules and unnecessary dismissals.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976), to construe pleadings liberally in favor of pro se party); Castro v. United States, 540 U.S. 375, 381 (2003).

To determine if the complaint states any claim upon which relief could be granted, the court applies a standard analogous to that used in reviewing a motion to dismiss filed under Fed. R. Civ. P. 12(b)(6).  The court decides whether the complaint contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

To make this determination, the court employs a two-pronged approach.  See Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011).  The court first screens the complaint for statements that "merely offer legal conclusions couched as fact or threadbare recitals of the elements of a cause of action."

2

Id. (citations, internal quotation marks and alterations omitted).  A claim consisting of little more than "allegations that merely parrot the elements of the cause of action" may be dismissed.  Id.  The second part of the test requires the court to credit as true all non-conclusory factual allegations and the reasonable inferences drawn from those allegations, and then to determine if the claim is plausible.  Id.  The plausibility requirement "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence" of illegal conduct.  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007).  The "make-or-break standard" is that those allegations and inferences, taken as true, "must state a plausible, not a merely conceivable, case for relief."  Sepúlveda-Villarini v. Dep't of Educ., 628 F.3d 25, 29 (1st Cir. 2010); see Twombly, 550 U.S. at 555-56 ("Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." (citations and footnote omitted)).

Evaluating the plausibility of a claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Iqbal, 129 S. Ct. at 1950 (citation omitted).  In doing so, the court may not disregard properly pleaded factual allegations or "attempt to forecast a plaintiff's likelihood of success on the merits."

Ocasio-Hernández, 640 F.3d at 13.  "The relevant inquiry focuses on the reasonableness of the inference of liability that the plaintiff is asking the court to draw from the facts alleged in the complaint."  Id.

## Discussion

I.   Allegations in Complaint

On December 17, 2010, the SSA issued Brown a "Notice of Decision Review Board Action."  That notice, which Brown has attached to the complaint here, advised Brown that his claim for social security benefits had been denied by the SSA.  The notice further advised Brown that the administrative decision had become final and that he had a right to file a civil lawsuit in federal court within sixty days of the date on the notice.

Brown filed this action on February 7, 2011.  Brown's complaint, however, is entirely devoid of substantive facts. The complaint states only that Brown is seeking an appeal of the SSA denial of benefits because he feels the decision is wrong.

II.   Pleading Requirements

Rule 8(a) of the Federal Rules of Civil Procedure requires that civil complaints seeking relief in this court must contain:

> (1) a short and plain statement of the grounds
> for the court's jurisdiction, unless the court
> already has jurisdiction and the claim needs no
> new jurisdictional support;

4

>       (2) a short and plain statement of the claim
>       showing that the pleader is entitled to relief;
>       and
>
>       (3) a demand for the relief sought which may
>       include relief in the alternative or different
>       types of relief.

Fed. R. Civ. P. 8(a).  As stated below, Brown's complaint alleges sufficient facts to invoke the jurisdiction of this court, and to assert the relief he seeks (reversal of the SSA denial of benefits), but presently fails to assert the basis upon which he believes he is entitled to relief.

A.   Jurisdiction

Pursuant to 42 U.S.C. § 405(g), a plaintiff appealing a final decision of an SSA denial of benefits obtains the jurisdiction of this court by: (1) commencing the action within sixty days after he is mailed the notice of final agency decision; and (2) stating that he lives or works in the district where the action is filed.  See 42 U.S.C. § 405(g) (establishing the conditions under which social security benefits applicant may seek judicial review of an SSA decision).  Brown has demonstrated that he has received a final decision from the SSA denying him benefits, that he has filed this action within sixty days of being notified of the final decision, and that he lives in New Hampshire.  Accordingly, the complaint establishes jurisdiction.

B.  Grounds for Relief

The complaint's sole assertion of a basis for relief is that Brown feels the SSA decision was wrong.  While § 405(g) does not require that a complaint spell out the basis upon which relief might be granted, Rule 8(a) requires a civil plaintiff to assert the basis upon which he grounds his claim.  Plaintiff here has not done so.  Accordingly, plaintiff will be given the opportunity to amend his complaint to provide "a short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a); see also LR 4.3(d)(1)(B)(ii) (authorizing magistrate judge conducting preliminary review to direct in forma pauperis plaintiff to amend complaint).

In his amended complaint, plaintiff must assert a brief statement of facts establishing the reasons why this court should find that the SSA decision was wrong.  See Educadores Puertorriqueños en Acción v. Hernández, 367 F.3d 61, 68 (1st Cir. 2004) ("the requirements of Rule 8(a)(2) are minimal – but minimal requirements are not tantamount to nonexistent requirements" (internal quotation marks and citation omitted)).  The amended complaint should be sufficient to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Twombly, 550 U.S. at 555 (alteration in original).

### Conclusion

The Clerk's office is directed to amend the caption of the complaint to list "Michael Astrue, Commissioner, Social Security Administration" as the defendant to this action.

Plaintiff is directed to amend his complaint to include "a short and plain statement of the claim showing that [he] is entitled to relief," see Fed. R. Civ. P. 8(a)(2), within thirty days of the date of this order.  Failure to so amend the complaint may result in this court's recommendation that the action be dismissed.

**SO ORDERED.**

_____
Landya B. McCafferty
United States Magistrate Judge

Date: August 19, 2011

cc:  John O. Brown, pro se

LBM:jba