**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**

John O. Brown

    v.                                             Civil No. 11-cv-056-JL

Michael Astrue, Commissioner,
Social Security Administration

**O R D E R**

On August 19, 2011, this court issued an order (doc. no. 3) directing plaintiff to amend his complaint (doc. no. 1) to provide "a short and plain statement of the claim showing that [he] is entitled to relief."  Fed. R. Civ. P. 8(a); see also United States District Court for the District of New Hampshire Local Rule 4.3(d)(1)(B)(ii) (authorizing magistrate judge conducting preliminary review to direct in forma pauperis plaintiff to amend complaint).  Plaintiff has failed to respond to the court's August 19 order, or request additional time to file a response.

Rather than recommending dismissal of the complaint at this juncture on the basis of scant allegations in the pleading, however, the court finds that the complaint satisfies the statutory pleading requirements for appealing the denial of social security benefits by the Social Security Administration ("SSA") set forth in 42 U.S.C. § 405(g).  Specifically, the

complaint demonstrates that this action was commenced within sixty days of the notice of final agency decision denying Brown benefits, and that Brown lives within the District of New Hampshire.  See 42 U.S.C. § 405(g).

## Discussion

The United States District Court for the Eastern District of Virginia, in a recent decision denying a motion to dismiss, declined to find that the plaintiff, who was appealing the SSA decision to deny her benefits, was required to set forth in her complaint the factual basis for her appeal.  See Woodard v. Astrue, No. 2:09cv400, 2011 WL 337077, *2 (E.D. Va. Feb. 1, 2011).  The court found that the SSA was on notice as to the factual basis for the appeal as that basis was presented in the administrative record, of which the agency was obviously aware, and that the complaint, construed in light of the administrative record, provided defendant with "fair notice of the claims on which the Plaintiff seeks review."  Id.

Reaching a different conclusion regarding pleading requirements in SSA appeals, the United States District Court for the Northern District of Iowa recently granted defendant's motion to dismiss an appeal of an SSA decision because the initial filing in that case consisted only of a civil cover sheet with no supporting documentation.  See Shaver v. Astrue,

No. C10-3070-PAZ, 2011 WL 1807398, *1 (N.D. Iowa May 12, 2011). Plaintiff later filed additional materials, but only after the sixty-day deadline for filing an appeal of an SSA decision had expired. Id. The court found that plaintiff had thus failed to timely plead either a basis for jurisdiction or historical facts sufficient to provide grounds for a right to relief. See id. at *4 ("[Fed. R. Civ. P.] 8 'demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.'" (quoting Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S. Ct. 1937, 1949 (2009))). The court thus concluded that a bare appeal, without more, was insufficient to satisfy the "fair notice" requirement protected by Fed. R. Civ. P. 8(a). See id.

In this case, the factual allegations in Brown's complaint, absent reference to information contained in the administrative record but not attached to the complaint, are more akin to the information contained in a civil cover sheet than information contained in a typical civil complaint. The complaint provides no information beyond establishing this court's jurisdiction, and an assertion of Brown's disagreement with the SSA decision to deny him benefits. While the court might therefore be within its rights to dismiss this complaint on the basis of its apparent failure to comply with Fed. R. Civ. P. 8(a), in an abundance of caution, the court will allow this matter to proceed, as Brown has met the statutory requirements to

establish this court's jurisdiction over his appeal from the SSA decision and because the court finds it plausible that reference to the SSA's administrative decision denying plaintiff benefits, and plaintiff's disagreement therewith, suffices to place the agency on notice of plaintiff's claims. For those reasons, the court herein directs that this action be served on the defendant.[1]

**Conclusion**

The court directs that the complaint be served. Brown has completed summons forms and submitted them with his complaint (doc. no. 1). The Clerk's office is directed to issue the necessary summonses and forward to (1) the United States Attorney for the District of New Hampshire; (2) the Attorney General of the United States; and (3) Michael Astrue, Social Security Administration Commissioner, by certified mail, return receipt requested, the summonses, along with copies of the complaint (doc. no. 1) and this Order. See Fed. R. Civ. P. 4(c)(2) and 4(i)(2).

Defendant is instructed to answer or otherwise plead within sixty days of service. See Fed. R. Civ. P. 12(a)(2).

---

[1] The court at this time makes no comment regarding the merits or likelihood of success of any motion to dismiss that might be filed by defendant on the grounds that plaintiff's complaint is insufficient to satisfy Fed. R. Civ. P. 8(a).

Plaintiff is instructed that all future pleadings, written motions, notices, or similar papers shall be served directly on the defendant by delivering or mailing the materials to defendant or defendant's attorney(s), pursuant to Fed. R. Civ. P. 5(b).

**SO ORDERED.**

_____
Landya B. McCafferty
United States Magistrate Judge

Date: October 14, 2011

cc:   John O. Brown, pro se

LBM:jba